UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 02-81426-DHW
                                                         Chapter 11
RICHARD HERRICK and
STELLA K. HERRICK,

      Debtors.
_____

RICHARD HERRICK and
STELLA K. HERRICK,

      Plaintiffs,
v.                                                       Adv. Proc. No. 06-08014-DHW

AUBURN BANK,

      Defendant.

## MEMORANDUM OPINION

On March 9, 2006, the debtors filed this adversary proceeding contending that Auburn Bank breached a fiduciary duty and acted in bad faith with respect to its foreclosure of certain real property. On April 7, 2006, the defendant, Auburn Bank, filed an answer to the complaint together with a motion to dismiss for want of subject matter jurisdiction. The motion to dismiss was set for a telephonic hearing on May 1, 2006. Stephen G. Gunby appeared on behalf of Auburn Bank and Charles M. Ingrum, Sr. appeared on behalf of the plaintiffs.

Factual Background

It is undisputed that the plaintiffs are debtors in a chapter 11 case

in this district and that their plan of reorganization was confirmed on September 15, 2004. The plan provided for the sale of the realty subject to Auburn Bank's mortgage with the mortgage to be satisfied from the sales proceeds. Alternatively, the plan provided for the surrender of the realty to Auburn Bank if no sale was accomplished within six months after plan confirmation. Finally, the plan provided that the court would retain jurisdiction to interpret and enforce the plan.

Six months after confirmation, the property had not sold. Neither had the debtors surrendered the property to Auburn Bank as provided by the plan. Thereafter, Auburn Bank foreclosed the debtors' interest in the real estate.

The debtors contend that Auburn Bank breached a fiduciary duty and acted in bad faith by selling the realty at foreclosure for too low a price.

Legal Conclusions

Bankruptcy courts are courts of limited jurisdiction. That jurisdiction emanates from 28 U.S.C. § 1334(b) which confers title 11 jurisdiction on the district courts by providing:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). 28 U.S.C. §157 authorizes each district court to refer all cases under title 11 and all proceedings arising in, arising under, or related to a title 11 case to the bankruptcy court. That statute provides:

2

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). In this district, the District Court has entered a general order referring title 11 matters to this court.

Hence, the bankruptcy court's subject matter jurisdiction is limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case. *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999)(holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d at 1345. Neither breach of fiduciary duty nor bad faith are claims created by the Bankruptcy Code. Rather, these claims arise under state law and exist outside the bankruptcy context. Hence, this court cannot claim subject matter jurisdiction in this adversary proceeding by way of the "arising under" jurisdictional prong.

Neither can this court claim jurisdiction in this proceeding under the "arising in" jurisdictional prong. Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'" *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Clearly, state law tort claims of bad faith and breach of fiduciary duty are not administrative matters that could only arise in the bankruptcy context.

Nor can this court claim jurisdiction in this proceeding under the "related to" jurisdictional prong. In *Miller v. Kemira, Inc. (In re Lemco*

*Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction. The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* at 788.

The effect of confirmation of the debtors' chapter 11 plan was to terminate the bankruptcy estate by vesting the property of the estate in the debtors. The statute provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. §1141(b). Because these alleged torts occurred post-confirmation, they could have no conceivable effect upon the bankruptcy estate which had by then ceased to exist.[1]

Finally, the court puts little stock in the debtors' argument that the court retained jurisdiction under the express terms of the confirmed plan to interpret and enforce the plan. In this adversary proceeding, the court is being called upon to neither interpret nor enforce the plan. The confirmed plan allowed the debtor a period of time to either sell or surrender the realty. Because they did neither, the plan did not prevent the bank from foreclosing. Whether the bank foreclosed in accordance with state law is a matter that is beyond this court's retained jurisdiction to interpret or enforce the plan.

Conclusion

For these reasons, the defendant's motion to dismiss this adversary proceeding for want of jurisdiction is due to be granted. Pursuant Fed. R. Bankr. Proc. 9021, a separate order will enter dismissing this adversary proceeding.

---

[1] *See Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) discussing the three prongs of bankruptcy court jurisdiction.

4

Done this 10th day of May, 2006.

            /s/ Dwight H. Williams, Jr.
            United States Bankruptcy Judge

c: Charles M. Ingrum, Sr., Attorney for Debtors
 Stephen G. Gunby, Attorney for Defendants